1  STEPHEN J. ERIGERO (SBN 121616)
   E. LACEY RICE (SBN 266748)
2  ROPERS, MAJESKI PC
   445 South Figueroa Street, Suite 3000
3  Los Angeles, CA  90071-1619
   Telephone: (213) 312-2000
4  Facsimile:  (213) 312-2001
   Email:      stephen.erigero@ropers.com
5              lacey.rice@ropers.com

6  Attorneys for Defendants, PORCH.COM,
   INC., and MATTHEW EHRLICHMAN
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 KANDELA, LLC, a California          CASE NO.
   limited liability company,
12                                     **{Former Los Angeles County Superior
                   Plaintiff,          Court Case No. 20STCV17705}**
13
         v.                            **NOTICE OF REMOVAL OF CIVIL
14                                     ACTION TO THE DISTRICT COURT
   PORCH.COM, INC., a Delaware         PURSUANT TO 28 U.S.C. §§ 1332,
15 corporation; MATTHEW                1441(b) and 1446 [DIVERSITY
   EHRLICHMAN, an individual; and      JURISDICTION];**
16 DOES 1-20, inclusive,
                                       *[Filed concurrently herewith
17                 Defendants.         Declaration of E. Lacey Rice in support
                                       thereof]*
18

19       **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO**

20 **ALL PARTIES HEREIN:**

21       PLEASE TAKE NOTICE that Defendants PORCH.COM, INC., a Delaware

22 corporation, and MATTHEW EHRLICHMAN, an individual ("Defendants")

23 hereby remove to this Court the State Court action described below:

24       1.     Defendants Porch.com, Inc. and Matthew Ehrlichman are the named

25 defendants in a civil action commenced on May 11, 2020, in the Superior Court of

26 the State of California, for the County of Los Angeles, Case No. 20STCV17705,

27 entitled *Kandela, LLC v. Porch.com, Inc. and Matthew Ehrlichman*.  True and

28 correct copies of the Summons, Complaint, and Civil Case Cover Sheet are

ROPERS MAJESKI
A Professional Corporation
Los Angeles

- 1 -

ROPERS MAJESKI
A Professional Corporation
Los Angeles

1    attached hereto as Exhibit "A".

2           2.      The Summons and Complaint were served on Defendants on May 18,

3    2020.  Defendants first received copies of the Summons and Complaint on or about

4    May 18, 2020, when Defendants were served with copies of the Summons,

5    Complaint, and Civil Case Cover Sheets.

6           3.      A responsive pleading has not yet been filed.

7           4.      On or about June 3, 2020, Plaintiff filed a Notice of Related Case in

8    the Los Angeles County Superior Court, identifying a Limited Civil Jurisdiction

9    case titled *David Fiedler, et al. v. Porch.com, Inc.,* Los Angeles County Superior

10   Court case no. 20 STCV19841 as a related case. Plaintiff's Notice of Related Case

11   is attached hereto as Exhibit "B".

12          5.      The documents set forth in Exhibit "A" and "B" constitute all the

13   process, pleading, and supporting materials received by Defendants.

14          6.      A civil action brought in state court of which the federal court has

15   original jurisdiction may be removed to the district court for the district embracing

16   the place where such action is pending. 28 U.S.C. § 1441(a).  Federal courts have

17   jurisdiction over controversies before "Citizens of different states" pursuant to 28

18   U.S.C. Section 1332 (a)(1) and Article III, Section 2, of the U.S. Constitution.

19   *Navarro Sav. Ass'n. v. Lee*, 446 U.S. 458, 460–61 (1980).  Diversity jurisdiction

20   exists when the amount in controversy exceeds $75,000, exclusive of interest and

21   costs, and the parties are citizens of different states. 28 U.S.C. § 1332(a).

22   "Diversity jurisdiction, including the amount in controversy, is determined at the

23   instant of removal."  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199

24   F. Supp. 2d 993, 1000 (C.D. Cal. 2002).

25          7.      "This calculation takes into account claims for 'general' damages and

26   'special' damages (pain and suffering, as well as out-of-pocket loss)."  *Richmond v.*

27   *Allstate Ins. Co.*, 897 F. Supp. 447, 449-450 (S.D. Cal. 1995).  The removing party

28   "need not predict the trier of fact's eventual award with one hundred percent

ROPERS MAJESKI

A Professional Corporation
Los Angeles

accuracy." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Instead, in measuring the amount in controversy, the Court must "assume that the allegations of the complaint are true and assume that a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint." *Jackson v. American Bankers Ins. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997); *see Kenneth Rothschild Trust*, 199 F. Supp. 2d at 1001; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (observing the amount in controversy analysis presumes that "plaintiff prevails on liability").

8.      The determination of citizenship for diversity purposes is governed by federal rather than state law. *Rockwell Int'l Credit Corp. v. Unites States Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987), *overruled on other grounds*, *Partington v. Gedan*, 923 F.2d 686 (9th Cir. 1991).  In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.*, 157 F3d 686, 690–691 (9th Cir. 1998).  The citizenship of defendants sued under fictitious names, such as "Doe" defendants, is disregarded for diversity jurisdiction purposes. 28 U.S.C. § 1441(a); *Soliman v. Philip Morris, Inc*. 311 F.3d 966, 971 (9th Cir. 2002).  For diversity purposes, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 USC § 1332(c)(1).

9.      "In determining whether removal is proper, a court may consider any evidence so long as it reveals the situation that existed when the case was removed." *Corbelle v. Sanyo Elec. Trading Co., Ltd.*, 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003).  For that reason, the Court's inquiry into the citizenship of the parties and the amount in controversy is not confined to the face of the complaint. *Valdez*, 372 F.3d at 1117.  In addition to the complaint, the district court may properly consider "facts in the removal petition" as well as "summary-judgment-type evidence relevant to the amount in controversy at the time of

- 3 -

removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

10.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1332.  This action may be removed to this Court by Defendants, pursuant to the provisions of 28 U.S.C. Sections 1441(b) and 1446 because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Plaintiff and Defendants.

11.    In determining whether diversity of citizenship exists, only named defendants are considered.  (*Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).)  The citizenship of defendants sued under fictitious names, such as "Doe" defendants, is disregarded for diversity jurisdiction purposes.  (28 U.S.C. § 1441(a); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).)  And for diversity purposes, a corporate party may have dual citizenship in the State where it is incorporated and the State where it has its principal place of business.  (28 U.S.C. § 1332(c)(1).)

12.    Complete diversity of citizenship exists in that at the time of the commencement of this action, and at all times since, because:

a.    The citizenship of the fictitious DOE defendants 1 through 20 are disregarded pursuant to 28 U.S.C. § 1441(b)(1).  28 USC §1441(a); *Soliman*, 311 F.3d at 971 (9th Cir 2002).  Named defendants have no obligation to disclose the identity of Doe defendants before discovery (*Newcombe*, 157 F3d at 690–91), or to negate the existence of a potential defendant whose presence would destroy diversity (*see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005)).  Therefore, inclusion of "Doe" defendants in the Complaint has no effect on removability.  *Newcombe*, 157 F.3d at 690–91.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE DISTRICT COURT

4836-4608-1983.1

ROPERS MAJESKI

A Professional Corporation
Los Angeles

b.   Generally, a corporation may have dual citizenship: "(A) corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 USC § 1332(c)(1).  The phrase "principal place of business" means the place where a corporation's high level officers direct, control, and coordinate its activities on a day-to-day basis, often referred to as the corporation's "nerve center." *Hertz Corp. v. Friend* (2010) 559 US 77, 80–81, 92–93 (rejecting all prior tests in favor of "nerve center" test).

c.   Defendant PORCH.com, Inc. has been, and still is, a citizen of the State of Delaware and the State of Washington, having been incorporated under the laws of the State of Delaware, and continues to have its principal place of business in Seattle, Washington.  (Rice Dec. ¶ 2, Exh. 1.)

d.   Generally, an individual's residence, is "*prima facie*" evidence of citizenship unless the matter is disputed.  *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).  In addition, "when information ... necessary to establish diversity of citizenship is not reasonably available," the party with the burden of proving diversity "should be permitted to plead jurisdictional allegations ... on information and belief."  *Carolina Cas. Ins. Co. v. Team Equip., Inc*., 741 F.3d 1082, 1088 (9th Cir. 2014).

e.   Defendant Matthew Ehrlichman is an individual that has been and continues to be a citizen of the State of Washington, and as stated in the Complaint, resides in Seattle, Washington. Complaint ¶22.

- 5 -

4836-4608-1983.1

ROPERS
M A J E S K I

A Professional Corporation
Los Angeles

ROPERS
MAJESKI

A Professional Corporation
Los Angeles

f.   On information and belief, Plaintiff Kandela, LLC, has been, and still is, a citizen of the State of California, having been incorporated under the laws of the State of California, and with its principal place of business in Los Angeles, California. Complaint ¶20.

g.   Plaintiff Kandela, LLC is a citizen of California, while Defendant PORCH.com, Inc. is a citizen of Delaware and Washington and Defendant Matthew Ehrlichman is a citizen of Washington.  As such, there is complete diversity of citizenship between the existing parties.

13.   The matter in controversy exceeds the sum or value of $75,000.  The Complaint directs the following causes of action as against Defendants: (1) Fraud, (2) Breach of Contract, and (3) Breach of the Implied Covenant of Good Faith and Fair Dealing.

a.   In paragraph 94 of the Complaint, Plaintiff claims the following "As a direct and proximate result of Porch and Ehrlichman's wrongful conduct, Kandela lost millions of dollars in revenues and was unable to achieve its earnout. The full extent of Porch's damages will be subject to further determination at trial but **exceeds $11,500,000**." Complaint ¶94 (emphasis added).

b.   In paragraph 102 of the Complaint, Plaintiff claims the following "As a direct and proximate result of Porch's breaches, and each of them, Kandela lost millions of dollars in revenues and was unable to achieve its earnout. The full extent of Porch's damages will be subject to further determination at trial but **exceeds $11,500,000**." Complaint ¶102 (emphasis added).

c.   In paragraph 110 of the Complaint, Plaintiff claims the following "As a direct and proximate result of Porch's breaches,

- 6 -

1    Kandela lost millions of dollars in revenues and was unable to
2    achieve its earnout.  The full extent of Porch's damages will be
3    subject to further determination at trial but **exceeds $11,500,000**
4    ." Complaint ¶110 (emphasis added).

5    d.    In addition, the Prayer for Relief of the Complaint states the
6    following "1. For compensatory damages in an amount in excess
7    of $11,500,000, according to proof at trial."  Complaint, at
8    Prayer for Relief No. 1.  Further, the Prayer for Relief of the
9    Complaint also seeks exemplary or punitive damages, attorney's
10   fees, costs, and interest. (See Complaint, at Prayer for Relief
11   Nos. 2-5.)

12   14.    As set forth above, Plaintiff's Complaint expressly seeks damages of at
13   least $75,000.00, as well as punitive damages, costs, pre-judgment interest, and
14   attorney's fees.

15   15.    In determining Original Jurisdiction under § 1332, punitive damages
16   may also be included in calculating the amount in controversy.  (*Gibson v. Chrysler
17   Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (explaining that a punitive damages claim
18   by itself can satisfy the amount in controversy requirement where the plaintiff fails
19   to make a representation that he is seeking less than the amount in controversy).)
20   Additionally, attorney's fees may also be included in calculating the amount in
21   controversy.  (*Galt G/X v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir.
22   1998).)

23   16.    As Plaintiff expressly seeks compensatory damages in excess of
24   $75,000.00, as well as punitive damages and attorney's fees, the amount in
25   controversy requirement is met.

26   17.    Accordingly, this action may be removed to this Court by Defendants
27   pursuant to 28 U.S.C. §1441, subdivision (b), because the amount in controversy
28   exceeds $75,000, and there is complete diversity of citizenship between Plaintiff

- 7 -

ROPERS
MAJESKI

A Professional Corporation
Los Angeles

1    and Defendants under 28 U.S.C. §1332 (a)(1)(c)(1).

2      18.    Pursuant to 28 U.S.C. § 1446, subdivision (a), Defendants have

3 attached "a copy of all process, pleadings, and orders served upon such defendant

4 or defendants" in this action hereto as Exhibit "A".

5      19.    This notice of removal is timely because it was filed within 30 days of

6 the action becoming removable, and within one year after commencement of this

7 action. 28 U.S.C. §1446(c)(1).

8      20.    A true and correct copy of this Notice of Removal shall be

9 contemporaneously filed in the office of the clerk for the Superior Court of Los

10 Angeles County.

12 Dated: June 17, 2020           ROPERS MAJESKI PC

14                        By:   /s/ E. Lacey Rice
15                           STEPHEN J. ERIGERO
                            E. LACEY RICE
16                           Attorneys for Defendants,
                            PORCH.COM, INC., and
17                           MATTHEW EHRLICHMAN

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION TO THE DISTRICT COURT

4836-4608-1983.1

ROPERS
MAJESKI

A Professional Corporation
Los Angeles

EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
05/18/2020
CT Log Number 537679961

TO: CAMERON SMITH
PORCH.COM, INC.
2200 1ST AVE S STE 300
SEATTLE, WA 98134-2080

RE: **Process Served in California**

FOR: PORCH.COM, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KANDELA, LLC, PLTF. vs. PORCH.COM, INC, ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV17705 |
| **ON WHOM PROCESS WAS SERVED:** | National Registered Agents, Inc., Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/18/2020 at 14:16 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/18/2020, Expected Purge Date: 05/23/2020 |
| | Image SOP |
| | Email Notification,  CAMERON SMITH  cameronsmith@porch.com |
| **SIGNED:**<br>**ADDRESS:** | National Registered Agents, Inc.<br>208 LaSalle Ave<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-539-8692<br>CorporationTeam@wolterskluwer.com |

Page 1 of  1 / SM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Electronically FILED by Superior Court of California, County of Los Angeles on 05/11/2020 08:37 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

20STCV17705

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PORCH.COM., INC., a Delaware corporation; MATTHEW EHRLICHMAN, an individual; and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KANDELA, LLC, a California limited liability company

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: *(Número del Caso):* |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse 111 North Hill Street, LA, CA 90012 | 20STCV17705 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
PIERCE O'DONNELL (SBN 081298); DANIEL G. STONE (SBN 265397); TIFFANY GELOTT (SBN 321951)
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
2049 Century Park East, Suite 2600, Los Angeles, California  90067; T: 310.553.3610
E: PODonnell@ggfirm.com; DStone@ggfirm.com; TGelott@ggfirm.com

| DATE: *(Fecha)* 05/11/2020 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by *(Secretario)* R. Perez | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Porch. com Inc. a De laware corporation
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 5/18/20

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

48201-00002/3754235.1

Electronically FILED by Superior Court of California, County of Los Angeles on 05/11/2020 08:37 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk
20STCV17705

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Elizabeth Feffer

1   PIERCE O'DONNELL (SBN 081298)
    PODonnell@ggfirm.com
2   DANIEL G. STONE (SBN 265397)
    DStone@ggfirm.com
3   TIFFANY GELOTT (SBN 321951)
    TGelott@ggfirm.com
4   GREENBERG GLUSKER FIELDS CLAMAN &
    MACHTINGER LLP
5   2049 Century Park East, Suite 2600
    Los Angeles, California  90067
6   Telephone:  310.553.3610
    Fax:  310.553.0687
7
    Attorneys for Plaintiff
8   Kandela, LLC

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF LOS ANGELES

12   KANDELA, LLC, a California limited        Case No.   20STCV17705
     liability company,
13                                             **COMPLAINT FOR:**
                    Plaintiff,
14                                             **(1) FRAUD;**
            v.
15                                             **(2) BREACH OF CONTRACT; AND**
     PORCH.COM, INC., a Delaware
16   corporation; MATTHEW EHRLICHMAN,          **(3) BREACH OF THE IMPLIED**
     an individual; and DOES 1-20, inclusive,      **COVENANT OF GOOD FAITH AND**
17                                                 **FAIR DEALING**
                    Defendants.
18                                             **DEMAND FOR TRIAL BY JURY**

19

20

21

22

23

24

25

26

27

28

48201-00002/3750418.2

Plaintiff Kandela, LLC for its complaint against Defendants Porch.com, Inc., Matthew Ehrlichman, and Does 1-20, alleges as follows:

## INTRODUCTORY STATEMENT

1.     In early 2019, Porch.com, Inc. ("Porch") acquired the assets of Kandela, LLC ("Kandela") in a transaction valued at approximately $11.5 million.

2.     At the time, Kandela, a nationwide concierge service for people in the process of moving residences, was excited to join Porch, ostensibly the preeminent online home-improvement marketplace.

3.     To date, Porch has raised over $100 million in funds from venture capital heavyweights and strategic investors such as Battery Ventures, Capricorn Investment Group, Founders Fund, Lowe's, Moderne Ventures, and Valor Equity Partners.

4.     Because of Porch's potential to significantly grow Kandela's business, Kandela agreed to an all-stock purchase. The parties ultimately agreed that of the $11.5 million purchase price, Kandela would "earnout" over $6 million of that amount by achieving certain revenue and profitability milestones.

5.     But, unbeknownst to Kandela, Porch was hell-bent on ensuring that Kandela did not achieve any earnout. On information and belief, even though Porch agreed to acquire Kandela for $11.5 million, Porch's strategic objective was to acquire an $11.5 million business for only a fraction of that price.

6.     Since the acquisition, Porch and its Chief Executive Officer, Matt Ehrlichman ("Ehrlichman"), have engaged in a stunning and systematic pattern of fraud apparently designed to prevent Kandela from achieving any earnout.

7.     On information and belief, Porch adopted a two-pronged scheme designed to prevent Kandela from achieving any earnout.

8.     In the short term, Porch withheld resources from Kandela, thereby reducing Kandela's revenues during the six-month period following the acquisition. For example, Porch refused to allocate sufficient resources to its call centers and thus failed to field a substantial number of calls from actual and potential Kandela customers, and Porch consistently and

48201-00002/3750418.2

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    deliberately refused to act on Kandela's leads, including by refusing to sell Porch's products and

2    services to Kandela customers.

3        9.       In the longer term, Porch undermined Kandela's credibility with its actual and

4    potential customers by instructing Kandela to sell products and services that did not exist.

5        10.      In particular, Ehrlichman frequently accompanied Kandela's leadership team to

6    meetings with utility company representatives who were actual or potential Kandela business

7    partners. At those meetings, Ehrlichman pitched those third-party representatives on four Porch

8    offerings:

9             a.    a co-branded and trackable coupon program whereby Porch could provide

10                 detailed data on the customers who used Porch's coupons;

11            b.    an expanded version of Kandela's mover program whereby Kandela would

12                 offer Porch's services such as handymen;

13            c.    a concierge service called "Porch Gold" whereby all customers of utility

14                 companies that partnered with Kandela could contact a specific customer

15                 service representative (as opposed to a call center representative assigned

16                 at random) to arrange for home services; and

17            d.    the ability to leverage Porch's proprietary data on over 50% of new

18                 homeowners in the United States.

19       11.      Ehrlichman personally drafted new marketing materials and instructed Kandela to

20    change its marketing and business development strategy to feature these Porch offerings.

21       12.      Months later, Kandela's executives discovered that each of these four programs

22    was "vaporwear": they did not exist and Porch had no intention of offering them in the future.

23       13.      After months of following Ehrlichman's directions to refocus Kandela's business

24    on these Porch offerings, Kandela's executives were forced to walk back these pitches.  When

25    Kandela's long-standing customers and contacts asked Kandela management about the specifics

26    of the Porch offerings pitched by Ehrlichman, Kandela had no choice but to respond that these

27    offerings were only a "roadmap," and were not currently offered by Porch.

28       14.      Ehrlichman's misrepresentations were devastating to Kandela's growth prospects.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

48201-00002/3750418.2                          3

1  Kandela has lost market share and its reputation has suffered immeasurably.

2      15.    On information and belief, Porch and Ehrlichman's misconduct was designed to

3  suppress Kandela's business so that Kandela could not achieve any of the earnout targets set forth

4  in the parties' agreement.

5      16.    On information and belief, Porch never intended to fund Kandela's operations.

6  Instead, Porch acquired Kandela so that Kandela's management could introduce Porch executives

7  to major utility companies throughout the United States. Porch would then solicit investments

8  from those major utility companies by promising products that Porch would never deliver, while

9  Kandela's business was left to languish.

10      17.    Porch should not be permitted to get away with such egregious, bad faith conduct.

11      18.    At the very least, Kandela is entitled to every penny of the $11.5 million purchase

12  price it bargained for, and which it would have achieved but for Porch's bad faith conduct.

13      19.    This complaint is also a warning to all who cross paths with Porch: beware. As

14  detailed below, Porch routinely misrepresents its products, services, and capabilities, including to

15  Porch's own customers, its actual and potential corporate partners, and likely to its investors as

16  well.

17  **THE PARTIES**

18      20.    Kandela, LLC ("Kandela") is a California limited liability company with its

19  principal place of business in Los Angeles, California.

20      21.    Porch.com, Inc. ("Porch") is a Delaware corporation with its principal place of

21  business in Seattle, Washington.

22      22.    On information and belief, Matthew Ehrlichman ("Ehrlichman") is an individual

23  who resides in Seattle, Washington. Ehrlichman is the founder and Chief Executive Officer of

24  Porch.

25      23.    The true names or capacities of the defendants named as Does 1 through 20 are

26  unknown to Kandela, which therefore sues these defendants by fictitious names. Kandela is

27  informed and believes, and on that basis alleges, that defendants Does 1 through 20, jointly and

28  severally, are the alter egos, principals, or agents of the other defendants, or otherwise connected

48201-00002/3750418.2

4

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1   with the other defendants, such that Does 1 through 20, and each of them, are jointly and

2   severally liable for the obligations and damages set forth in this complaint.

3      24.   Kandela is further informed and believes, and on that basis alleges, that at all times

4   mentioned herein, each defendant, including the Doe defendants, was the agent or employee of

5   the other defendants, and in doing the acts alleged in this complaint, each was acting in the scope

6   of their authority.

7                    **FACTS COMMON TO ALL CAUSES OF ACTION**

8      25.   Kandela was founded by David Fiedler and Eli Gordon in 2012. It is a concierge

9   service for people in the process of moving residences. Kandela's representatives connect

10  customers with their local providers of services such as cable and satellite television, internet,

11  home security, moving, and home warranty.

12     26.   Kandela built a nationwide business on its reputation for top-of-the-line customer

13  service. Many of Kandela's customers are referred by third party companies, including some of

14  the largest utility companies in the United States. Kandela has contractual relationships with

15  many of these third-party referral sources.

16     27.   One of Kandela's primary selling points is that all of its customer service

17  representatives are located in the United States. This has always been a key component of

18  Kandela's business.

19     28.   On information and belief, Porch was founded in 2013. Porch's founder and Chief

20  Executive Officer is Ehrlichman. On information and belief, Ehrlichman is the grandson of John

21  Ehrlichman, an advisor to President Richard Nixon and the architect of the Watergate break-in.

22     29.   On information and belief, Porch has raised over $100 million in financing from

23  investors including Valor Equity Partners, Lowe's, Capricorn Investment Group, and Founder's

24  Fund.

25     30.   To some, Porch portrays itself as a technology-enabled home services marketplace

26  where homeowners and renters can get assistance with moving and home repair services.

27     31.   To others, Porch portrays itself as a software-as-a-service company that purports to

28  have substantial data on both its users and U.S. homebuyers. Porch purports to have substantial

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1   data on U.S. homebuyers through its relationships with home inspection companies.

2       32.     In 2018, Porch approached Kandela regarding a potential collaboration.  The

3   parties entered into a Non-Disclosure Agreement and Kandela's customer service representatives

4   began to offer Porch services to Kandela customers.

5       33.     Kandela repeatedly asked Porch for feedback and data on Kandela's performance

6   in offering Porch's services.  Porch would not provide specifics and would only say that the data

7   was "good."

8       34.     Ultimately, Porch expressed interest in acquiring Kandela, and the parties began

9   negotiations in late 2018.

10      35.     During the parties' negotiations leading up to the execution of an asset purchase

11  agreement, Porch and Ehrlichman made some key representations to Kandela, including:

12          a.      Porch placed no value on Kandela's relationship with a rival website,

13                  Updater, which accounted for 40% of Kandela's revenue;

14          b.      Kandela would have the ability to earn its buyout by way of offering Porch

15                  products, including coupons by which Kandela customers could obtain

16                  discounts for Porch services; and

17          c.      Porch's Series B financing round valued the company at $8.66/share and a

18                  forthcoming Series C financing would provide meaningful funding for the

19                  company in anticipation of an IPO in 2021.

20      36.     Kandela was also excited about leveraging Porch's marketplace platform, which

21  would drive new products and services for Kandela's utility partners and thus additional revenue-

22  generating opportunities for Kandela and Porch.

23      37.     The parties agreed in principle that Porch would acquire Kandela for

24  approximately $11,500,000 million in Porch stock, with a portion of that stock to be awarded

25  upon acquisition and the rest to be "earned-out" by Kandela if it achieved a series of revenue and

26  profitability "milestones."

27                          **The Parties' Asset Purchase Agreement**

28      38.     Porch and Kandela subsequently entered into an Asset Purchase Agreement dated

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

48201-00002/3750418.2                    6

March 22, 2019 ("Agreement").

39.    Pertinent provisions of the Agreement include:

    a.    **Section 2.05**: Porch will purchase Kandela for (a) 577,500 shares of Porch Common Stock, subject to adjustment, plus (b) up to 735,000 additional shares of Porch Common Stock subject to the earnout provisions of the Agreement, plus (c) the assumption of certain liabilities.

    b.    **Section 2.07(b)**: "Subject to the provisions of Section 2.07(f) below, the Earnout Shares shall be earned and issuable only upon the achievement of certain 'Milestones' as set forth in the tables below." The contract provides for three "Milestone Periods," calendar years 2019, 2020, and 2021. Kandela would earn up to 735,000 shares of Porch Common Stock by realizing certain targets for "Non-Updater Revenue", contribution margin, and EBITDA during each of those periods.

    c.    **Section 2.07(f)(i)**: To the extent Kandela earns any revenue from its relationship with Updater after closing, such revenues shall increase Kandela's revenue milestones on a dollar-for-dollar basis.  In other words, Updater revenues do not count toward Kandela's earnout.  This is why Kandela's earnout is premised on its reaching certain thresholds of "Non-Updater Revenue."

    d.    **Section 2.07(f)(v)**: "Subsequent to the Closing, subject to the oversight and direction from Buyer's management, the Key Employees [i.e., Gordon and Fiedler] shall have reasonable discretion to operate the Business on a day-to-day basis as they deem reasonably appropriate in order to achieve Buyer's objectives and achieve the Milestone Targets and earn the Earnout Shares."

    e.    **Section 2.07(f)(ix)**: "Buyer agrees not to take any action in bad faith with the intent or effect of adversely affecting Seller's ability to achieve the Milestone Targets and earn the Earnout Shares."

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

f.      The Agreement also provides for an award to the prevailing party of all

costs, fees and expenses, including reasonable fees and expenses of

attorneys, accountants and other professionals incurred by the prevailing

party.

### Porch's Post-Closing Misrepresentations and Misconduct

40.     Upon closing, Kandela became part of Porch.  Problems emerged almost

immediately.

41.     As a threshold matter, Porch changed its position with respect to Updater.  Porch's

original financial plan for Kandela anticipated the Updater relationship being phased out no later

than June 2019.

42.     But shortly after closing, Porch management directed Kandela to expand its

relationship with Updater even though that revenue would not count toward Kandela's earnout.

43.     At the same time, Porch starved Kandela of resources. This impaired both

Kandela's ability to generate revenues and its ability to meet its contractual obligations to

partners.

44.     For example, Porch's inadequate call center staffing impacted Kandela's ability to

meet its industry standard contractual obligation to field at least 80% of calls transferred by third

parties within 20 seconds of transfer.

45.     At the same time, Porch assigned Kandela executives numerous tasks not related

to Kandela, so that they were unable to grow Kandela's business.

46.     Porch would also routinely fail to follow-up on leads from Kandela, which caused

additional revenue loss.  For example, when a caller contacted Kandela, Kandela would, at

Porch's instruction, offer the caller four $25 Porch coupons.  Kandela would then provide the

customer's information to Porch, with Porch to follow up either by phone or via an email

transmitting the coupons.  Porch, however, would routinely not follow-up with customers referred

by Kandela.

47.     Shortly after the acquisition, Porch began actively discouraging Kandela from

sending any leads to Porch.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

48.     In short, Kandela could not effectively carry out its business due to Porch depriving it of resources and manpower almost immediately upon acquisition.

49.     To address these issues, Kandela founders David Fielder ("Fiedler") and Eli Gordon ("Gordon") requested a 60-day review with Ehrlichman and Porch's Chief Revenue Officer Matthew Neagle.  At this review, Fiedler and Gordon pleaded with Porch management to remedy these issues.  Ehrlichman refused.

50.     Porch management responded by retaliating against Gordon.  The very next day after that meeting, Porch began to systematically exclude Gordon from calls and other communications with Porch management.

51.     As set forth below, Porch not only starved Kandela of resources, but also instructed Kandela to sell "vaporwear," or products and services that did not exist.  Kandela ultimately learned that Porch had no intention of building these products or offering these services.

52.     Kandela learned that there was an internal phrase used to describe Ehrlichman: "Matt sells the future."  This phrase actually means that Ehrlichman has a tenuous relationship with the truth and sells products that do not and will never exist.

### VAPORWEAR 1.0: Porch Coupons and Porch Gold

53.     In the months following the transaction, Ehrlichman joined Kandela's meetings with representatives of major utility companies across the United States.  At those meetings, Ehrlichman pitched the utility companies on Porch services, most notably Porch coupons and a service offering called Porch Gold.

54.     With respect to the coupon offering, Ehrlichman informed the utility companies that Kandela would be offering an expanded version of its signature mover program that would now feature Porch's full complement of services.

55.     As part of this expanded offering, Kandela could offer each customer four $25 coupons for Porch services.  Ehrlichman represented that these coupons would be "co-branded" with its third-party partners. That is, when a utility company would refer a customer to Porch, Porch would issue a physical or electronic coupon to the customer bearing the logos of both

48201-00002/3750418.2                                    9

Porch and the referring utility company.

56.     Porch further promised that it would maintain tracking data on these coupons, such that Porch would provide its partners with data regarding when and how those coupons were used.

57.     Porch further represented that its coupons would have a realization rate of approximately 10%, or that 10% of customers offered these coupons would use them.

58.     Ehrlichman pitched Porch coupons as a replacement for Kandela's existing revenue share model with its referral sources. Ehrlichman further represented to third parties that these coupons would provide a substantially greater value than Kandela's revenue share model.

59.     Ehrlichman also pitched utilities on Porch Gold, which he presented as a concierge service for home maintenance that allows a customer to speak with the same representative every time the customer calls. That is, Ehrlichman represented that Porch offered a second, higher-tiered concierge service that Kandela partners could offer to all of its customers.

60.     After presenting this pitch in person, Ehrlichman supplied Kandela with a detailed draft of new marketing materials. Ehrlichman instructed Kandela to abandon its existing marketing strategy and instead pitch Porch coupons and Porch Gold to its existing and potential customers.

61.     During the course of the next year, Kandela learned that the entirety of Ehrlichman's pitch was a fraud. Porch did not have trackable or co-branded coupons: whenever an individual would call Porch and reference a coupon, Porch would simply deduct $25 from the price of the service. Porch never issued any coupons, there was no co-branding, and there was no tracking. As a result, Kandela could not provide the utility companies with any co-branded products or realization rate data as promised. In short, the "co-branded and trackable coupons" that Ehrlichman instructed Kandela to pitch did not actually exist.

62.     Kandela ultimately learned at a meeting with the Porch management team that not only did Porch not have any co-branded, trackable coupons, but Porch also had no intention of ever creating them.

63.     With respect to Porch Gold, again, that program did not exist. Porch did not offer a

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

concierge service. Everyone that called Porch was treated the same, and every caller drew a random customer service representative. Not only did Porch Gold did not exist, but Porch also had no intention of offering such a service.

64. Once Kandela executives learned of Ehrlichman's misrepresentations, they asked him for guidance on how to respond when the utility companies followed up about his promises. Ehrlichman instructed Kandela's executives to respond that Porch engineers are too busy to build out these services but will get to them eventually.

65. Kandela executives then asked Ehrlichman how to respond when its partners followed up on Ehrlichman's promises in the future. Ehrlichman instructed them to continue to provide the same response forever.

## VAPORWEAR 2.0: Home Inspection Data

66. Perhaps Ehrlichman's most compelling pitch to the utility companies was that Porch had data on at least 50% of homebuyers in the United States. This data was purportedly available to Porch because it owns a software company that maintains this data and has partnerships with numerous home inspection services throughout the United States.

67. Ehrlichman stated that this homebuyer data was available to Porch as of the date of the home inspection and reflected the content of the inspection report, e.g., specific details on age and other characteristics of a property's water, electrical, and HVAC systems.

68. This data would be incredibly valuable to the utility companies because (a) they would learn of a real estate transaction seven weeks before title typically changed hands, giving utility companies the ability to market their programs and services in a proactive manner, and (b) they could use the home-specific data to work with owners to replace older appliances and promote energy efficiency programs.

69. Utility companies were extremely excited about this pitch. For example, a representative of one utility company asked Kandela executives if Porch could identify how many A/C units in the utility company's home state were more than seven years old. Kandela relayed this inquiry to Ehrlichman, who was evasive.

70. Ehrlichman made the same pitch to a representative of one of Kandela's oldest and

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    largest utility clients. That representative was in the process of transitioning to a role at the

2    utility's parent company, and had previously discussed bringing in Kandela to pitch that parent

3    entity, which was a multi-million dollar client of one of Kandela's competitors. When

4    Ehrlichman made his pitch about homebuyer data to that utility representative, the representative

5    called the data a "game changer" and immediately made plans to have Kandela and Ehrlichman

6    make the same pitch to the parent company.

7        71.    After numerous pitches, the Kandela executives noticed that Ehrlichman gradually

8    increased the percentage of U.S. homebuyers that Porch purportedly had data on from 50% to

9    69%. This led Kandela's executives to question others within Porch about this data.

10       72.    Kandela ultimately learned in late 2019 that Porch had actionable data on far less

11    than 50% of U.S. homebuyers. Ehrlichman's representations to Kandela's actual and potential

12    customers that Porch had actionable data on over 50% of U.S. homebuyers, and that Porch

13    provided services to over 15% of U.S. homebuyers, were false.

14       73.    When Kandela learned of Ehrlichman's misrepresentations, its executives walked

15    back Ehrlichman's pitch, telling the utility companies that this portion of his pitch was only a

16    "roadmap" and not Porch's current capability. This further harmed Kandela's credibility with

17    many utility companies, which are highly data driven. For example, Kandela's pitch to the utility

18    parent company referenced above was postponed indefinitely, and Kandela lost its opportunity to

19    secure this multi-million account.

20       74.    In short, Porch's withdrawal of resources and false representations to Kandela and

21    its business partners have materially damaged Kandela's business relationships, making it

22    virtually impossible for Kandela to meet the requirements for its earnout.

23                 **Porch's Pattern of Misconduct With Respect to Third Parties**

24       75.    Porch's misrepresentations and other misconduct are not limited to Porch or its

25    business partners. Instead, mendacity appears to be a central component of Porch's business

26    model.

27       76.    After acquiring Kandela, Porch entered into a non-disclosure agreement ("NDA")

28    with one Kandela's largest competitors. During a videoconference call with Kandela

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1   management, Ehrlichman put up slides provided by Kandela's competitor pursuant to the NDA.

2   Ehrlichman told Kandela executives that since they did not sign the NDA, they are not bound by

3   it and should use the information to improve Kandela.  Ehrlichman further instructed Kandela

4   executives to inform potential customers that its competitor was in the process of being sold,

5   which Ehrlichman hoped would aid Kandela in winning the rival's business. Kandela's

6   management refused.

7       77.     In one instance, Porch attempted to improperly influence a utility company that

8   was considering a partnership with Kandela.  Kandela submitted a proposal in response to a

9   Request for Qualification issued by a major utility company.  After Kandela submitted its

10  proposal, the utility company imposed a "quiet period" on all bidders.

11      78.     However, Ehrlichman learned that the wife of a Kandela salesman worked at that

12  utility company. Ehrlichman instructed that salesman to ask his wife to disregard the quiet period

13  and try to influence the outcome in favor of Kandela. The salesman refused. Porch ultimately

14  terminated that salesman's employment.

15      79.     Ehrlichman also repeatedly urged Kandela to move its call center operations to

16  Mexico without informing its utility partners. Kandela's contract with one major utility company

17  expressly forbids this. Kandela refused to make this change without obtaining approval from its

18  partner.

19      80.     Porch has also routinely breached Kandela's partner contracts, including by

20  systematically failing to pay utility companies their contractually mandated revenue share

21  payments in a timely manner and by failing to honor the exclusivity provision of Kandela's

22  agreement with at least one of its marketing partners.

23

24                              **FIRST CAUSE OF ACTION**

25                          **(For Fraud Against All Defendants)**

26      81.     Kandela incorporates by reference each of its allegations in the paragraphs above.

27      82.     As reflected in paragraphs 2.07(b) and 8.04(d) of the Agreement, Porch made a

28  promise to Kandela that Kandela would be able to earn up to $6,365,100 in Porch stock by

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

achieving certain milestones.

83. On information and belief, this promise was false. Porch did not intend to perform this promise at the time it was made. Instead, Porch's intent was to preclude Kandela from ever achieving any earnout.

84. Porch intended for Kandela to rely on this promise of a prospective earnout. In fact, Porch knew that Kandela would not have entered into the Agreement without the promise of a substantial and achievable earnout.

85. Kandela reasonably relied on Porch's promise of a prospective earnout.

86. Porch did not perform the promised act, and, on information and belief, acted to preclude Kandela from achieving any earnout.

87. Kandela was harmed by Porch's conduct.

88. Kandela's reliance on Porch's conduct was a substantial factor in causing this harm.

89. Porch and Ehrlichman also made several false representations of material fact to Kandela, including that:

    a.    Porch offers co-branded, trackable coupons that Kandela could offer its actual and potential customers;

    b.    Kandela would be able to offer its customers an expanded version of its mover program whereby Kandela would offer Porch's services such as handymen;

    c.    Porch offers a premium service called Porch Gold by which certain customers can reach the same customer service representative on a consistent basis, which service Kandela could offer to its actual and potential customers; and

    d.    Porch has actionable data on over 50% of U.S. homebuyers, with that data available to Porch on the date of the home inspection, and that Kandela could offer access to this data to its actual and potential customers.

90. Porch and Ehrlichman made these representations to Kandela knowing that these

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

representations were false or with reckless indifference to the truth.

91.    On information and belief, Porch and Ehrlichman made these representations to Kandela with the intention to induce Kandela to act, or to refrain from acting, in reliance on these false representations.

92.    Kandela justifiably relied on these representations in taking action and in refraining from taking action. For example, at the insistence of Porch and Ehrlichman, Kandela changed its marketing strategy to offer each of these services.

93.    In furtherance of its fraudulent scheme, Porch and Ehrlichman prepared demonstrably false marketing materials and insisted that Kandela use these materials to market its business. Kandela was ultimately required to retract the representations made by Porch and Ehrlichman in these materials, thereby irreparably damaging its relationships with the utility companies and other third-party referral sources.

94.    As a direct and proximate result of Porch and Ehrlichman's wrongful conduct, Kandela lost millions of dollars in revenues and was unable to achieve its earnout. The full extent of Porch's damages will be subject to further determination at trial but exceeds $11,500,000.

95.    Defendants, and each of them, acted in a despicable manner and with oppression, fraud, or malice, such that Kandela may recover punitive damages in an amount sufficient to deter such wrongful conduct in the future.

## SECOND CAUSE OF ACTION

### (For Breach of Contract Against Porch.com, Inc.)

96.    Kandela incorporates by reference each of its allegations in the paragraphs above.

97.    Porch and Kandela entered into a contract, namely the Agreement.

98.    Kandela did all, or substantially all, of the significant things that the Agreement required it to do.

99.    Porch breached the Agreement, including by:

    a.    Repeatedly and systematically breaching Section 2.07(f)(ix) of the Agreement, which provides, "Buyer agrees not to take any action in bad

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    faith with the intent or effect of adversely affecting Seller's ability to

2    achieve the Milestone Targets and earn the Earnout Shares"; and

3        b.   Failing to afford Gordon and Fiedler reasonable discretion to operate

4    Kandela on a day-to-day basis as they deem reasonably appropriate in

5    violation of Section 2.07(f)(v) of the Agreement.

6    100.  Kandela was harmed by these breaches, and each of them.

7    101.  Porch's breaches, and each of them, were a substantial factor in causing Kandela's

8    harm.

9    102.  As a direct and proximate result of Porch's breaches, and each of them, Kandela

10   lost millions of dollars in revenues and was unable to achieve its earnout. The full extent of

11   Porch's damages will be subject to further determination at trial but exceeds $11,500,000.

## THIRD CAUSE OF ACTION

### (For Breach of the Implied Covenant of Good Faith

### and Fair Dealing Against Porch.com, Inc.)

16   103.  In every contract, the law implies a covenant of good faith and fair dealing, such

17   that a party to a contract must refrain from arbitrary or unreasonable conduct which has the effect

18   of preventing the other party to the contract from receiving the fruits of the bargain.

19   104.  Porch repeatedly and systematically acted in bad faith to deprive Kandela of the

20   benefits of the Agreement, including by acting to preclude Kandela from achieving the earnout.

21   105.  In particular, section 2.07 of the Agreement provides that Kandela's revenues

22   derived from its relationship with Updater ("Updater Revenue") would not count towards the

23   revenue milestones necessary to achieve the earnout.

24   106.  The Agreement's exclusion of Updater Revenue from the earnout implies that

25   Porch was obligated to either (a) not require Kandela to continue its relationship with Updater at

26   the same level, or, (b) provide Kandela with sufficient resources such that it could achieve the

27   earnout notwithstanding its relationship with Updater.

28   107.  Instead, Porch breached the implied covenant by attempting to expand Kandela's

48201-00002/3750418.2                                16

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

1    relationship with Updater while simultaneously depriving Kandela of the resources necessary to

2    operate its business. Porch's actions led to a substantial and precipitous drop in Kandela's Non-

3    Updater Revenue.

4         108.    Kandela was harmed by these breaches, and each of them.

5         109.    Porch's breaches were a substantial factor in causing Kandela's harm.

6         110.    As a direct and proximate result of Porch's breaches, Kandela lost millions of

7    dollars in revenues and was unable to achieve its earnout. The full extent of Porch's damages will

8    be subject to further determination at trial but exceeds $11,500,000.

9                                    **PRAYER FOR RELIEF**

10        WHEREFORE, Kandela prays for judgment against Defendants, and each of them, as

11   follows:

12        1.      For compensatory damages in an amount in excess of $11,500,000, according to

13   proof at trial;

14        2.      For exemplary or punitive damages in an amount according to proof at trial;

15        3.      For attorney fees to the extent available by contract or law;

16        4.      For costs of suit herein;

17        5.      For prejudgment interest; and

18        6.      For such other and further relief in Kandela's favor as the Court deems just and

19   proper.

20

21   DATED:  May 11, 2020                GREENBERG GLUSKER FIELDS CLAMAN
                                         & MACHTINGER LLP
22

23

24   By: _____
                                         PIERCE O'DONNELL (SBN 081298)
25                                       DANIEL G. STONE (SBN 265397)
                                         TIFFANY GELOTT (SBN 321951)
26
                                         Attorneys for Plaintiff Kandela, LLC
27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

COMPLAINT

## DEMAND FOR JURY TRIAL

Kandela requests trial by jury on all causes of action for which trial by jury is authorized.

DATED: May 11, 2020

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP

By: _____
PIERCE O'DONNELL (SBN 081298)
DANIEL G. STONE (SBN 265397)
TIFFANY GELOTT (SBN 321951)

Attorneys for Plaintiff Kandela, LLC

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
2049 Century Park East, Suite 2600
Los Angeles, California 90067

48201-00002/3750418.2

18

Electronically FILED by Superior Court of California, County of Los Angeles on 05/11/2020 08:33 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| PIERCE O'DONNELL (SBN 081298); DANIEL G. STONE (SBN 265397) TIFFANY GELOTT (SBN 321951) GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP 2049 Century Park East, Suite 2600, Los Angeles, California 90067 TELEPHONE NO.: 310.553.3610  FAX NO.: 310.553.0687 ATTORNEY FOR *(Name):* Plaintiff Kandela, LLC | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles** STREET ADDRESS: 111 North Hill Street MAILING ADDRESS: CITY AND ZIP CODE: Los Angeles 90012 BRANCH NAME: Stanley Mosk Courthouse | |
| CASE NAME: Kandela, LLC v. Porch.com, Inc. and Matthew Ehrlichman | |

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☒ **Unlimited** ☐ **Limited** (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ **Counter** ☐ **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **20STCV17705** JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☒ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☒ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 11, 2020

Daniel G. Stone
(TYPE OR PRINT NAME)

► (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] 48201-00002/3754225.1 | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]
48201-00002/3754225.1

**CIVIL CASE COVER SHEET**

Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

| SHORT TITLE:<br>Kandela, LLC v. Porch.com, Inc. et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

> **Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases — unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

48201-00002/3754243.1



American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: Kandela, LLC v. Porch.com, Inc. et al. | CASE NUMBER |
| --- | --- |

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
| --- | --- | --- |
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 -- |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☒ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation          Number of parcels _____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | ☐ A6032 Quiet Title | 2, 6 |
| | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

48201-00002/3754243.1


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Kandela, LLC v. Porch.com, Inc. et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

American LegalNet, Inc.
www.FormsWorkFlow.com

48201-00002/3754243.1

| SHORT TITLE:<br>Kandela, LLC v. Porch.com, Inc. et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☒ 1. ☐ 2. ☒ 3. ☐ 4. ☒ 5. ☐6. ☐ 7. ☐ 8. ☐ 9. ☐10. ☐11. | ADDRESS:<br>8306 Wilshire Blvd., Ste. 874 |
|---|---|
| CITY:<br>Beverly Hills | STATE:<br>CA | ZIP CODE:<br>90211 |

**Step 5: Certification of Assignment**: I certify that this case is properly filed in the _____ Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: May 11, 2020

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| LASC CIV 109 Rev. 12/18<br>For Mandatory Use | **CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION** | Local Rule 2.3<br>Page 4 of 4 |
|---|---|---|

48201-00002/3754243.1



2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By_____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )     FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING           )
FOR CIVIL                                                    )
                                                                    )
                                                                    )
                                                                    )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii)  Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv)  Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v)   Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)    Depositions;

   ii)   Declarations;

   iii)  Exhibits (including exhibits to declarations);

   iv)   Transcripts (including excerpts within transcripts);

   v)    Points and Authorities;

   vi)   Citations; and

   vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

   Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

   Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) **PRINTED COURTESY COPIES**

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

    i)    Any printed document required pursuant to a Standing or General Order;

    ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

    iii)  Pleadings and motions that include points and authorities;

    iv)  Demurrers;

    v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

    vi)  Motions for Summary Judgment/Adjudication; and

    vii)  Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) **WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS**

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◇**Los Angeles County Bar Association Litigation Section**◇

◇ **Los Angeles County Bar Association
Labor and Employment Law Section**◇

◇**Consumer Attorneys Association of Los Angeles**◇

◇**Southern California Defense Counsel**◇

◇**Association of Business Trial Lawyers**◇

◇**California Employment Lawyers Association**◇

**LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use**

| PARTY AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

    (TYPE OR PRINT NAME)

Date:

    (TYPE OR PRINT NAME)

Date:

    (TYPE OR PRINT NAME)

Date:

    (TYPE OR PRINT NAME)

Date:

    (TYPE OR PRINT NAME)

Date:

    (TYPE OR PRINT NAME)

Date:

    (TYPE OR PRINT NAME)

➢ _____
    (ATTORNEY FOR PLAINTIFF)

➢ _____
    (ATTORNEY FOR DEFENDANT)

➢ _____
    (ATTORNEY FOR DEFENDANT)

➢ _____
    (ATTORNEY FOR DEFENDANT)

➢ _____
    (ATTORNEY FOR _____ )

➢ _____
    (ATTORNEY FOR _____ )

➢ _____
    (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** |
|---|
| COURTHOUSE ADDRESS: |
| PLAINTIFF: |
| DEFENDANT: |

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
         (INSERT DATE)                        (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR _____ )
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR _____ )
Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                        (ATTORNEY FOR _____ )

LACIV 229 (Rev 02/15)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT.

| INFORMAL DISCOVERY CONFERENCE | CASE NUMBER: |
|---|---|
| (pursuant to the Discovery Resolution Stipulation of the parties) | |

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**COURTHOUSE ADDRESS:**

| PLAINTIFF: | |
|---|---|
| DEFENDANT: | |

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

---

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

———————————————            ➤ ———————————————————
(TYPE OR PRINT NAME)                      (ATTORNEY FOR PLAINTIFF)

Date:

———————————————            ➤ ———————————————————
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

———————————————            ➤ ———————————————————
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

———————————————            ➤ ———————————————————
(TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)

Date:

———————————————            ➤ (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

———————————————            ➤ (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date:

———————————————            ➤ (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

**THE COURT SO ORDERS.**

Date: ———————————————            ———————————————————
                                                    JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.**

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.
   
   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties agree to mediation, they may contact these organizations to request a Resource List Mediation for mediation at reduced cost or no cost (for selected cases).

* ADR Services, Inc. Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
* JAMS, Inc. Senior Case Manager mbinder@jamsadr.com (310) 309-6204
* Mediation Center of Los Angeles (MCLA) Program Manager info@mediationLA.org (833) 476-9145
  o Only MCLA provides mediation in person, by phone and by videoconference.

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADRRes/list for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/

* Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil.
  o Free day of trial mediations at the courthouse. No appointment needed.
  o Free or low cost mediations before the day of trial.
  o For free or low cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit:
    http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>05/11/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: R. Perez Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV17705 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Elizabeth R. Feffer | 39 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on 05/11/2020
(Date)

By R. Perez , Deputy Clerk

LACIV 190 (Rev 6/18)<br>LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Branch Name:** Stanley Mosk Courthouse
**Mailing Address:** 111 North Hill Street
**City, State and Zip Code:** Los Angeles CA 90012

| | |
|---|---|
| **SHORT TITLE:** KANDELA, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY vs PORCH.COM, INC., A DELAWARE CORPORATION, et al. | **CASE NUMBER:** 20STCV17705 |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  Legal Connect
Reference Number: 3204573_2020_05_11_15_33_31_961_5
Submission Number: 20LA02163451
Court Received Date: 05/11/2020
Court Received Time: 8:37 am
Case Number: 20STCV17705
Case Title: KANDELA, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY vs PORCH.COM, INC., A DELAWARE CORPORATION, et al.
Location: Stanley Mosk Courthouse
Case Type: Civil Unlimited
Case Category: Contractual Fraud
Jurisdictional Amount: Over $25,000
Notice Generated Date: 05/11/2020
Notice Generated Time: 9:19 am

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Complaint | Accepted |
| Civil Case Cover Sheet | Accepted |
| Summons | Accepted |
| Notice (name extension) | Accepted |

**Comments**
Submitter's Comments:

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: Legal Connect
Contact: Legal Connect
Phone: (800) 909-6859

EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
06/08/2020
CT Log Number 537763555

TO:     Jake Miller
        PORCH.COM, INC.
        2200 1ST AVE S STE 300
        SEATTLE, WA 98134-2080

RE:     **Process Served in California**

FOR:    PORCH.COM, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KANDELA, LLC, PLTF. vs. PORCH.COM, INC, ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV17705 |
| **ON WHOM PROCESS WAS SERVED:** | National Registered Agents, Inc., Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 06/08/2020 postmarked on 06/03/2020 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/09/2020, Expected Purge Date: 06/14/2020<br><br>Image SOP<br><br>Email Notification,  Jake Miller  jakemiller@porch.com |
| **SIGNED:**<br>**ADDRESS:** | National Registered Agents, Inc.<br>208 LaSalle Ave<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-539-8692<br>CorporationTeam@wolterskluwer.com |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| - | By Process Server on 05/18/2020 | CAMERON SMITH<br>PORCH.COM, INC. | 537679961 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 

06/03/2020    $001.20°

ZIP 90067
011E11676339

 **Greenberg**
**Glusker**

2049 Century Park East, Suite 2600
Los Angeles, CA  90067

*TO*

PORCH.COM, INC., a Delaware corporation

Agent for Service of Process

NATIONAL REGISTERED AGENTS, INC. (C1941323)

818 West Seventh Street, Suite 930

Los Angeles, CA 90017

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| PIERCE O'DONNELL (SBN 081298); DANIEL G. STONE (SBN 265397)<br>TIFFANY GELOTT (SBN 321951)<br>GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP<br>2049 Century Park East, Suite 2600, Los Angeles, California 90067<br>TELEPHONE NO.: 310.553.3610     FAX NO. *(Optional):* 310.553.0687<br>E-MAIL ADDRESS *(Optional):* PODonnell@ggfirm.com; DStone@ggfirm.com; TGelott@ggfirm.com<br>ATTORNEY FOR *(Name):* Plaintiff Kandela, LLC | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles | |
|---|---|
| STREET ADDRESS: 111 North Hill Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Los Angeles 90012 | |
| BRANCH NAME: Stanley Mosk Courthouse | |

| PLAINTIFF/PETITIONER: Kandela, LLC | CASE NUMBER:<br>20STCV17705 |
|---|---|
| DEFENDANT/RESPONDENT: Porch.com, Inc., et al. | JUDICIAL OFFICER:<br>Hon. Elizabeth Feffer |
| **NOTICE OF RELATED CASE** | DEPT.:<br>39 |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: David Fiedler, et al. v. Porch.com, Inc., et al.

    b.  Case number: 20STCV19841

    c.  Court: ☒    same as above

        ☐    other state or federal court *(name and address):*

    d.  Department: 14

    e.  Case type: ☐    limited civil ☒    unlimited civil ☐    probate ☐    family law ☐    other *(specify):*

    f.  Filing date: May 26, 2020

    g.  Has this case been designated or determined as "complex?"    ☐    Yes ☒    No

    h.  Relationship of this case to the case referenced above *(check all that apply):*

        ☐    involves the same parties and is based on the same or similar claims.

        ☒    arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐    involves claims against, title to, possession of, or damages to the same property.

        ☐    is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☐    Additional explanation is attached in attachment 1h

    i.  Status of case:

        ☒    pending

        ☐    dismissed ☐    with ☐    without prejudice

        ☐    disposed of by judgment

2.  a.  Title:

    b.  Case number:

    c.  Court: ☐    same as above

        ☐    other state or federal court *(name and address):*

    d.  Department:

Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007]<br>48201-00002/3791908.1

**NOTICE OF RELATED CASE**

Cal. Rules of Court, rule 3.300<br>*www.courtinfo.ca.gov*

American LegalNet, Inc.<br>www.FormsWorkflow.com

CM-015

| PLAINTIFF/PETITIONER: Kandela, LLC | CASE NUMBER:<br>20STCV17705 |
|---|---|
| DEFENDANT/RESPONDENT: Porch.com, Inc., et al. | |

2. *(continued)*

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

3. a. Title:

   b. Case number:

   c. Court: ☐ same as above

      ☐ other state or federal court *(name and address):*

   d. Department:

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

      ☐ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: June 3, 2020

            Daniel G. Stone       ▶

        (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)             (SIGNATURE OF PARTY OR ATTORNEY)

**NOTICE OF RELATED CASE**

American LegalNet, Inc.<br>www.FormsWorkflow.com

CM-015

| | |
|---|---|
| PLAINTIFF/PETITIONER: Kandela, LLC | CASE NUMBER: 20STCV17705 |
| DEFENDANT/RESPONDENT: Porch.com, Inc., et al. | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed In the county where the mailing took place, and my residence or business address is *(specify)*:
   GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
   2049 Century Park East, Suite 2600, Los Angeles, California  90067

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one)*:

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☒ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):* June 3, 2020
   b. from *(city and state):* Los Angeles, CA

4. The envelope was addressed and mailed as follows:

   a. Name of person served: Porch.com, Inc.

   Street address: Agent for Service of Process
   National Registered Agents, Inc. (C1941323)
   818 West Seventh Street, Suite 930
   City: Los Angeles
   State and zip code: CA 90017

   c. Name of person served:

   Street address:
   City:
   State and zip code:

   b. Name of person served: Matthew Ehrlichman

   Street address: 6049 NE Keswick Dr.
   City: Seattle
   State and zip code: WA 98105-2047

   d. Name of person served:

   Street address:
   City:
   State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 3, 2020

Kristine Nicolas
(TYPE OR PRINT NAME OF DECLARANT)

▶

(SIGNATURE OF DECLARANT)

**NOTICE OF RELATED CASE**

American LegalNet, Inc.
www.FormsWorkflow.com